UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULINE PHIPPS,

    Plaintiff,

v.                                         Case No:   2:16-cv-542-FtM-99MRM

STEVE WHIDDEN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Pauline Phipps (Doc. 24) entered on February 14, 2017.

**I.    Background**

On January 6, 2017, the Court granted a Motion to Withdraw (Doc. 22). In that Order, the Court allowed attorneys Jason L. Gunter and Conor P. Foley of the law firm Jason L. Gunter P.A. to withdraw as counsel for Plaintiff Pauline Phipps in this action. (Doc. 23 at 2). The Court allowed Plaintiff a period of thirty (30) days from the date of that Order to secure new counsel and have counsel file a notice of appearance, or to notify the Court that she intends to proceed *pro se*. (*Id.*). The Court warned Plaintiff, however, that failure to have new counsel file a notice of appearance, or to notify the Court of her intent to proceed *pro se*, would cause the Court to recommend that her complaint be dismissed. (*Id.*).

Because Plaintiff did not respond to that Order, the Court entered an Order to Show Cause (Doc. 24) on February 14, 2017, which required Plaintiff to show cause within fourteen (14) days why she failed to comply with the January 6, 2017 Order (Doc. 23). (Doc. 24 at 1). Additionally, the Court again ordered Plaintiff to secure new counsel and have counsel file a

notice of appearance, or to notify the Court that she intends to proceed *pro se* within fourteen (14) days. (*Id.* at 1-2). The Court warned Plaintiff once again that if she failed to have new counsel file a notice of appearance, or to notify the Court of her intent to proceed *pro se*, then the Court would recommend that her complaint be dismissed. (*Id.*).

Since that time, Plaintiff has failed to file anything showing good cause or to notify the Court of her intentions, as ordered. Moreover, the time for Plaintiff to respond has passed.

## II. Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III.    Analysis

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful.  *See McKelvey*, 789 F.2d at 1520.  Plaintiff has twice failed to comply with Court Orders.  In fact, Plaintiff has not filed anything in this case since her attorneys withdrew as counsel.  At this point, because Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that she wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute.  *See id.*

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Amended Complaint (Doc. 11) be dismissed.

Respectfully recommended in Chambers in Fort Myers, Florida on March 9, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties